UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        Case No. 04-80391 and
                                                                      06-CV-13516

DEWAYNE BOYD,

    Defendant.
                                                      /

**ORDER TO SHOW CAUSE WHY MOTION SHOULD NOT BE DISMISSED**

Before the court is Defendant's "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," filed *pro se* pursuant to 28 U.S.C. § 2255. Defendant is a federal detainee. Sentencing is presently scheduled for August 29, 2006.

A defendant may file a § 2255 motion challenging his sentence, subject to a one-year statute of limitations that runs from, among other considerations,

> the latest of--(1) *the date on which the judgment of the conviction becomes final.*

28 U.S.C. § 2255 (emphasis added); *see also Ospina v. United States*, 386 F.3d 750, 751 & n.1 (6th Cir. 2004).

The court suspects that Defendant has filed his motion to vacate sentence out of a desire to be abundantly cautious, but because he has not yet been sentenced, such a motion is inappropriate. *Dunlap v. United States,* 250 F.3d 1001, 1010 (6th Cir. 2001) (Petitioner's habeas petitions dismissed without prejudice by district court as premature

because "Petitioner's conviction was not final, i.e., the case had not been resolved on direct appeal."). Defendant has acknowledged that his § 2255 motion is filed in anticipation of sentence, *(see* Def.'s Mot. at 2), ("length of sentence: not yet known. . . ."). It is clearly established that at an even later time, while a defendant's sentence is pending direct appeal, a district court is prohibited from deciding a § 2255 motion to vacate (at least in the absence of extraordinary circumstances), and that the orderly administration of justice is well-served by the prohibition. *See Demarey v. United States,* 1996 WL 476316, *1 (6th Cir. 1996) (citing with approval *United States v. Gordon,* 634 F.2d 638, 638-39 (1st Cir. 1980)); *United States v. Davis,* 604 F.2d 474, 484 (7th Cir. 1979); *Tripati v. Henman,* 843 F.2d 1160, 1162 (9th Cir. 1988).

Here, Defendant has not alleged any extraordinary circumstances warranting review of the claims raised in his motion, and none are otherwise apparent to this court. Because Defendant's conviction and sentence are not final, no § 2255 motion can properly be brought. Accordingly,

IT IS ORDERED that Defendant show cause in writing **no later than** August 25, 2006, why his § 2255 motion should not be dismissed, without prejudice, as premature.

   S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  August 11, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 11, 2006, by electronic and/or ordinary mail.
   S/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522