**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Case No. 04-CR-80391

DEWAYNE BOYD,

    Defendant.
                                            /

**OPINION AND ORDER DENYING DEFENDANT'S
"MOTION FOR RETURN OF PROPERTY"**

Before the court is Defendant DeWayne Boyd's November 30, 2007 "Motion for Return of Property." This motion has been fully briefed and the court concludes that a hearing on the motion is not necessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny the motion.

On December 15, 2004, a jury found Defendant guilty of one count of bankruptcy fraud, one count of theft of government property, one count of making false statement, three counts of mail fraud and one count of making false declarations before a court in violation of 18 U.S.C. §§ 157, 641, 1001, 1341 and 1623, respectively. Defendant was sentenced on October 19, 2006. On October 29, 2006, Defendant filed a timely notice of appeal, which is pending in the Sixth Circuit.

In his motion, Defendant now requests that the court "return [to him] ... property held by the United States government." (Def.'s Mot. at 3.) Defendant claims that he is the lawful owner of personal property consisting of, "inter alia, five (5) white three ring binders, private books, records, documents, papers, daily logs, checkbooks, cancel[ed]

checks, bank statements, faxes, E-mails and many contractual papers," which were removed without consent from the office of U.S. Congressman John Conyers Jr. by a third party and handed over to the Federal Bureau of Investigation. (*Id.* at 1-2.) Defendant admits these items were used as evidence in the criminal proceedings against him, but argues he is entitled to the return of his alleged property because the criminal proceedings against him are now terminated. (*Id.* at 2 (citing *United States v. Chambers*, 192 F.3d 374, 376 (3rd Cir. 1999)).)

The Government responds that because Defendant's appeal is still pending, his motion is premature and should be denied. (Gov.'s Resp. at 1 (citing *United States v. Saunders*, 957 F.2d 1488, 1494-95 (8th Cir. 1997)).) The Government also argues that if Defendant's appeal is successful and he is granted a new trial, the Government may have an evidentiary need of the property the Defendant seeks to have returned. (*Id.* (citing *United States v. Pierre*, 484 F.3d 75, 87 (1st Cir. 2007)).)

A criminal defendant is presumed to have the right to the return of seized items, excluding contraband, following the termination of the criminal proceedings. *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir. 1990). However, this right "is subject to any continuing interest the government has in the property." *Id.* (citing *United States v. Francis*, 646 F.2d 251, 263 (6th Cir. 1981)). Because Defendant's appeal is ongoing, his criminal proceedings are not yet terminated and Defendant's motion is therefore premature. Furthermore, the Government may have a continuing interest in the property, if Defendant were to prevail on appeal. For these reasons,

IT IS ORDERED that Defendant's "Motion for Return of Property" [Dkt. # 61] is DENIED without prejudice.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: January 22, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 22, 2008, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522