**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES of AMERICA,

    Plaintiff,

v.                                                                       Case No. 04-CR-80391

DEWAYNE BOYD,

    Defendant.
                                                     /

**OPINION AND ORDER DENYING IN PART DEFENDANT'S MOTION FOR RULE 11
SANCTIONS, NOTIFYING DEFENDANT OF RECHARACTERIZATION
AND DIRECTING DEFENDANT TO FILE MEMORANDUM**

Pending before the court is Defendant DeWayne Boyd's motion for sanctions under Federal Rule of Civil Procedure 11. In his motion, Defendant asks the court to take disciplinary action against Assistant United States Attorney Lynn A. Helland and Attorney Sydney Rooks for their alleged misrepresentations to the court, which Defendant claims resulted in his conviction. Defendant also seeks to have his conviction vacated due to the alleged misrepresentations. For the reasons stated below, the court will deny the portion of Defendant's motion that deals with attorney discipline and the court intends to construe the remainder of Defendant's motion as a motion for relief from judgment under 28 U.S.C. § 2255.

**I. BACKGROUND**

On May 18, 2004, Defendant was indicted on five counts of mail fraud, one count of theft of government property, one count of making a false declaration before a court,

one count of bankruptcy fraud and one count of making a false statement.  Thereafter, on December 15, 2004, a jury found Defendant guilty of all charges except two counts of mail fraud.  Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255 in August of 2006.  On August 31, 2006, the court dismissed his § 2255 petition without prejudice as premature because his conviction and sentence was not yet final.  On September 26, 2006, Defendant was sentenced to forty-six months imprisonment and thirty-six months of supervised release.  On October 29, 2006, Defendant filed a notice of appeal, on this matter and on February 19, 2008, the Sixth Circuit dismissed Defendant's appeal.  On April 18, 2008, Defendant filed the instant "Motion for Rule 11 Sanctions."

## II.  STANDARD

Under 28 U.S.C. § 2255, a prisoner in custody under sentence of a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.  Such motion, however, must demonstrate "the existence of a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure" in order for relief to be obtained.  *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

### III. DISCUSSION

#### A. Attorney Discipline

Defendant is requesting that Helland and Rooks be subject to discipline for alleged misconduct in connection with his conviction. Defendant claims that Helland and Rooks defrauded the court by misrepresenting material facts to the court, conspired to deprive him of his due process rights and extorted money from him for payment of a non-existent debt. However, filing a motion for Rule 11 sanctions with the court is neither the correct procedure nor forum for filing a grievance against Helland and Rook. The correct method is for Defendant to either complete the Attorney Grievance Commission's Request for Investigation form or mail a letter sufficiently describing the alleged misconduct of the attorney, including approximate time and place, to the Michigan Attorney Grievance Commission.

Imposing disciplinary action upon an attorney is a non-justiciable issue and is not suitable for adjudication by a court. Accordingly, to the extent that Defendant asks this court to discipline Helland and Rook for alleged misconduct, his motion will be denied.

#### B. Request to Vacate Sentence

Although the Defendant has labeled his motion as one seeking sanctions under Federal Rule of Civil Procedure 11(b), the relief requested is consistent with a motion to vacate sentence under § 2255 and is therefore the equivalent of a petition under § 2255. Before characterizing Defendant's Rule 11 motion as a § 2255 motion, however, Defendant must be given the opportunity to withdraw his filing. *See In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002). This is because "[a] n unintended byproduct of [liberally

construing pro se filings as § 2255 petitions] . . . is that it may effectively deprive an uninformed pro se litigant of the future opportunity to file a motion to vacate his sentence under § 2255." *Id.* at 621. After a prisoner files one motion under § 2255, the Antiterrorism and Effective Death Penalty Act constrains a prisoner from filing a second or successive § 2255 motion unless the motion involves "newly discovered evidence" or a "new rule of constitutional law . . . that was previously unavailable." *See* 28 U.S.C. § 2255. Thus, the prisoner must be aware that the court's construction of his petition may limit his ability to pursue future avenues of collateral relief and must be given the opportunity to agree with the court's construction or withdraw the motion.

## IV. CONCLUSION

IT IS ORDERED that Defendant's Rule 11 Motion [Dkt. # 68] is DENIED IN PART. Specifically, it is denied to the extent that it requests the court to discipline attorneys Helland and Rook.

Further, Defendant is hereby NOTIFIED that the court intends to construe his "Motion for Rule 11 Sanctions" as a motion for relief under 28 U.S.C. § 2255.

Defendant is DIRECTED to file a one-page memorandum on or before **June 25, 2008**, indicating whether he agrees with the court's intended characterization of his filing or whether he withdraws his "Rule 11 Motion for Sanctions." In the event Defendant does not file a memorandum by this date, his filing will be deemed a motion under § 2255.

s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: June 9, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 9, 2008, by electronic and/or ordinary mail.

                                                s/Lisa G. Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522