**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

              Plaintiff,

v.                                          Case No. 04-CR-80391

DEWAYNE BOYD,

              Defendant.

                                           /

**ORDER DENYING DEFENDANT'S MOTION FOR RULE 11 SANCTIONS AND
DENYING DEFENDANT'S MOTION FOR AN INDEPENDENT INVESTIGATION**

Pending before the court are Defendant DeWayne Boyd's two motions. After

clarification by the Defendant, the court will construe both his April 18, 2008 motion and

his August 18, 2008 motion as seeking the same remedy: an independent investigation

into alleged prosecutorial misconduct that resulted in Defendant's conviction. For the

reasons stated below, the court will deny both motions.

**I. BACKGROUND**

On May 18, 2004, Defendant was indicted on five counts of mail fraud, one count

of theft of government property, one count of making a false declaration before a court,

one count of bankruptcy fraud and one count of making a false statement. Thereafter,

on December 15, 2004, a jury found Defendant guilty of all charges except two counts

of mail fraud. Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255

in August of 2006. On August 31, 2006, the court dismissed his § 2255 petition without

prejudice as premature because his conviction and sentence were not yet final. On

September 26, 2006, Defendant was sentenced to forty-six months imprisonment and

thirty-six months of supervised release.  On October 29, 2006, Defendant filed a notice

of appeal on this matter and on February 19, 2008, the Sixth Circuit dismissed

Defendant's appeal.  On April 18, 2008, Defendant filed a "Motion for Rule 11

Sanctions."

The court issued an order on June 9, 2008, requiring Defendant to file a

supplemental memo by June 26, 2008.  The court informed Defendant that, if he did not

file the supplemental memo, his April 18, 2008 motion would be construed as one

seeking relief under 28 U.S.C. § 2255.  Defendant filed a brief memo clarifying his

position on June 30, 2008, and filed a more extensive explanation on July 14, 2008.[1]

Defendant's July 14, 2008 filing clarifies that his Rule 11 motion "does not request that

the conviction . . . be vacated due to misrepresentations"[2] but does "reference the

Court's inherent power to conduct an independent investigation to determine whether

the Court has been a victim of Fraud Upon the Court . . ."  (7/14/08 Supplemental Resp.

at 1.)  Defendant calls on the court to "exercise the inherent power and authority to

conduct an investigation into . . . prosecutorial and Attorney misconduct . . . ."  (*Id.*)

---

[1] The court notes that both of Defendant's supplemental filings were past the time
limit imposed by the court's June 9, 2008 order.  In the interest of justice, however, the
court will consider the supplemental filings in disposing of Defendant's motion.

[2] The first of Defendant's supplemental memos informs the court that he intends
"to preserve his 28 U.S.C. § 2255 option, should the Sixth Circuit rule adversely on
Defendant's appeal."  (6/30/08 Memo at 1.)  Thus, the court does not here construe
Defendant's motion as one seeking relief under § 2255.

Defendant also filed a motion on August 18, 2008, asking the court to "enter an Order

for an Independent Investigation to determine whether the Court was a Victim of Fraud

Upon the Court . . . ." (Def.'s 8/18/08 Mot. at 1.)

## II.  DISCUSSION

The court initially notes that both of Defendant's pending motions request the

same relief.  Despite the confusing title of Defendant's motion for sanctions, his later

supplemental responses clarify that he seeks a court order directing an independent

investigation.  (7/14/08 Supplemental Resp. at 1.)  Defendant's second motion make

this intent clear, in explicitly asking for the investigation in its title.  (Def.'s 8/18/08 Mot.

at 1.)  As such, the court can now resolve both motions under the same analysis.

A fraud upon the court interferes with the administration of justice.  *Demjanjuk v.*

*Petrovsky*, 10 F.3d 338, 352 (6th Cir. 1994).  The court plays an equitable role in

ensuring a finally entered judgment was not obtained through fraud.  *Hazel-Atlas Glass*

*Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944) (*overruled on other grounds by*

*Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 18 (1976)).  The court must

balance the need to avoid fraud with the need for finality in judgment.  *Id.*  Often, the

magnitude of the fraud can overcome the need for finality when a party's attorney, as an

officer of the court, is the perpetrator.  *Demjanjuk*, 10 F.3d at 352.  As with any

averment of fraud, though, the moving party must state with particularity the nature of

the alleged fraudulent conduct.  Fed. R. Civ. P. 9(b); *Southeast Tex. INNS, Inc. v. Prime*

*Hospitality Corp.*, 462 F.3d 666, 672 (6th Cir. 2006).  This particularity requires setting

out acts or omissions which could be seen as preventing the court from performing in its usual, impartial manner. *Am. Home Assurance Co. v. Am. Fid.*, 261 F. Supp. 734, 735 (S.D.N.Y. 1966). But mere conclusory statements are insufficient to state an averment of fraud. *Sanderson v. HCA*, 447 F.3d 873, 877 (6th Cir. 2006).

Here, Defendant's supplemental response, clarifying his mistitled motion for sanctions, makes no mention of particular acts or omissions which would lead the court to conclude a fraud has been committed. Defendant's second motion, calling for an independent investigation, alleges a fraud was "effected through the introduction of fabricated evidence . . . and the admitted use of illegally obtained and seized evidence . . . in addition the known use of Attorney Rook's False Testimony." (Def.'s 8/18/08 Mot. at 2.) The motion does not, however, provide any facts to substantiate these conclusory statements. For this court to exercise its equitable power and declare a fraud upon the court, the Defendant must do more than state conclusion as fact. Defendant must produce, or point the court to, facts proving evidence has been fabricated or illegally seized, or testimony has been false. Defendant must also demonstrate how the use of illegal evidence was "admitted." With no more than Defendant's conclusory allegations, the court will not disturb the significance of a final judgment.

## III. CONCLUSION

Therefore, IT IS ORDERED that Defendant's Rule 11 Motion [Dkt. # 68] is DENIED.

Further, IT IS ORDERED that Defendant's "Motion for Independent Investigation

to Determine Whether the Court Was a Victim of 'Fraud Upon the Court'" [Dkt. # 79] is

DENIED.

                                      s/Robert H. Cleland_____
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated: October 7, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 7, 2008, by electronic and/or ordinary mail.

                                        s/Lisa G. Wagner_____
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522