**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                       Case No. 04-CR-80391

DEWAYNE BOYD,

       Defendant.

                                                   /

**ORDER CONSTRUING DEFENDANT'S "RESPONSE MEMORANDUM . . ." AS A MOTION TO RECONSIDER AND DENYING THE MOTION**

Pending before the court is Defendant DeWayne Boyd's "Response Memorandum to Order Denying Defendant's Motion fo Rule 11 Sanctions and Motion for Independent Investigation." For the reasons stated below, the court will deny his motion.

On May 18, 2004, Defendant was indicted on five counts of mail fraud, one count of theft of government property, one count of making a false declaration before a court, one count of bankruptcy fraud and one count of making a false statement. Thereafter, on December 15, 2004, a jury found Defendant guilty of all charges except two counts of mail fraud. Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255 in August of 2006. On August 31, 2006, the court dismissed his § 2255 petition without prejudice as premature because his conviction and sentence were not yet final. On September 26, 2006, Defendant was sentenced to forty-six months imprisonment and thirty-six months of supervised release. On October 29, 2006, Defendant filed a notice

of appeal on this matter and on February 19, 2008, the Sixth Circuit dismissed Defendant's appeal. On April 18, 2008, Defendant filed a "Motion for Rule 11 Sanctions."

The court issued an order on June 9, 2008, requiring Defendant to file a supplemental memo by June 26, 2008. The court informed Defendant that, if he did not file the supplemental memo, his April 18, 2008 motion would be construed as one seeking relief under 28 U.S.C. § 2255. Defendant filed a brief memo clarifying his position on June 30, 2008, and filed a more extensive explanation on July 14, 2008. Defendant's July 14, 2008 filing clarified that his Rule 11 motion "does not request that the conviction . . . be vacated due to misrepresentations" but does "reference the Court's inherent power to conduct an independent investigation to determine whether the Court has been a victim of Fraud Upon the Court . . ." (7/14/08 Supplemental Resp. at 1.) Defendant called on the court to "exercise the inherent power and authority to conduct an investigation into . . . prosecutorial and Attorney misconduct . . . ." (*Id.*) Defendant also filed a motion on August 18, 2008, asking the court to "enter an Order for an Independent Investigation to determine whether the Court was a Victim of Fraud Upon the Court . . . ." (Def.'s 8/18/08 Mot. at 1.)

Because Defendant motion's sought the same relief, the court construed the motions as one for an investigation into a fraud upon the court. The court then concluded that Defendant had not provided adequate factual specificity for his claim of fraud, and denied both motions in an October 7, 2008 order. Nearly two months later,

and while an appeal of this court's October 7, 2008 order is pending before the Sixth Circuit Court of Appeals, Defendant filed the current motion.

Defendant's filing is titled a "response," but there is nothing before the court for which Defendant need respond. His filing, however, "provides notice that he does not agree or accept the Court's erroneous analysis . . ." (Def.'s 12/02/08 Memo. at 1), and therefore will be construed as a motion to reconsider the court's October 7, 2008 order, pursuant to Eastern District of Michigan Local Rule 7.1(g). Local Rule 7.1(g) makes explicit that any motion to reconsider "must be filed within 10 days after entry of the . . .order." E.D. Mich. LR 7.1(g)(1). Here, Defendant waited over fifty days before filing his "response memorandum." As such, his request is untimely and must be denied.[1] Accordingly,

IT IS ORDERED that Defendant's "Response Memorandum . . ." [Dkt. #87] is construed as a motion to reconsider, pursuant to E.D. Mich. LR 7.1(g), and is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 19, 2008

---

[1] Further, Defendant's motion presents "the same issues ruled upon by the court, either expressly or by reasonable implication" and demonstrates no palpable defect by which the court was misled. E.D. Mich. LR 7.1(g)(3). Therefore, even if Defendant's motion were timely, it would still be denied.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 19, 2008, by electronic and/or ordinary mail.

                                                s/Lisa G. Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522