**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 04-CR-80391

DEWAYNE BOYD,

    Defendant.
                                   /

**OPINION AND ORDER DENYING DEFENDANT'S
"MOTION FOR RETURN OF PROPERTY"**

Before the court is Defendant DeWayne Boyd's September 25, 2009 "Motion for Return of Property." The Government has filed a response, and the court concludes that a hearing on the motion is not necessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny the motion.

On December 15, 2004, a jury found Defendant guilty of one count of bankruptcy fraud, one count of theft of government property, one count of making false statement, three counts of mail fraud and one count of making false declarations before a court in violation of 18 U.S.C. §§ 157, 641, 1001, 1341 and 1623, respectively. Defendant was sentenced on October 19, 2006. On October 29, 2006, Defendant filed a timely notice of appeal, and on November 30, 2007, Defendant filed a motion for return of property. The court denied Defendant's motion for return of property without prejudice because "Defendant's appeal is ongoing" and the "Government may have a continuing interest in the property, if Defendant were to prevail on appeal." (1/22/08 Order at 2.) The Sixth Circuit dismissed Defendant's appeal of this order because it was premature. On July

20, 2009, the Sixth Circuit affirmed Defendant's conviction and sentence.  On September 25, 2009, Defendant filed the present "Motion for Return of Property," which is virtually identical to the prior motion that Defendant filed.  On October 20, 2009, Defendant filed a petition for writ of certiorari with the United States Supreme Court.

In his Motion, Defendant again requests that the court "return [to him] . . . property held by the United States government."  (Def.'s Mot. at 3.)  Defendant claims that he is the lawful owner of personal property consisting of, "inter alia, five (5) white three ring binders, private books, records, documents, papers, daily logs, checkbooks, cancel[ed] checks, bank statements, faxes, E-mails and many contractual papers," which were removed without consent from the office of U.S. Congressman John Conyers Jr. by a third party and handed over to the Federal Bureau of Investigation. (*Id.* at 1-2.)  Defendant admits that these items were used as evidence in the criminal proceedings against him, but argues he is entitled to the return of his alleged property because the criminal proceedings against him are now terminated.  (*Id.* at 2 (citing *United States v. Chambers*, 192 F.3d 374, 376 (3rd Cir. 1999)).)

The Government responds that, even though the Sixth Circuit affirmed Defendant's conviction, his criminal case is not yet concluded because he petitioned the United States Supreme Court for a writ of certiorari.  (Gov.'s Resp. at 1.)  The Government argues that if the Supreme Court grants Defendant a new trial, the Government may have an evidentiary need of the property the Defendant seeks to have returned.  (*Id.* at 1-2 (citing *United States v. Pierre*, 484 F.3d 75, 87 (1st Cir. 2007)).)

A criminal defendant is presumed to have the right to the return of seized items, excluding contraband, following the termination of the criminal proceedings.  *United*

*States v. Duncan*, 918 F.2d 647, 654 (6th Cir. 1990). However, this right "is subject to any continuing interest the government has in the property." *Id.* (citing *United States v. Francis*, 646 F.2d 251, 263 (6th Cir. 1981)). Because Defendant's petition for writ of certiorari is still pending, the Government may have a continuing interest in the property if the Supreme Court were to overturn Defendant's conviction. For these reasons,

IT IS ORDERED that Defendant's "Motion for Return of Property" [Dkt. # 92] is DENIED without prejudice.

                                       S/Robert H. Cleland
                                       ROBERT H. CLELAND
                                       UNITED STATES DISTRICT JUDGE

Dated: November 24, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 24, 2009, by electronic and/or ordinary mail.

                                       S/Lisa Wagner
                                       Case Manager and Deputy Clerk
                                       (313) 234-5522