**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       Case No. 04-CR-80391

DEWAYNE BOYD,

    Defendant.
                                           /

**ORDER DENYING DEFENDANT'S "MOTION FOR . . . INVESTIGATION OF TRIAL MATTER [AND] RECUSAL OF TRIAL JUDGE . . ."**

Before the court is a "Motion for Department of Justice / Office of Inspector General Investigation of Trial Matter 2:04-cr-80391 - Recusal of Trial Judge Robert H. Cleland & AUSA Lynn Helland Due to Corruption," filed by Defendant DeWayne Boyd on December 18, 2009. The court will interpret this motion as a motion to disqualify and will deny the motion.

Defendant asserts, as he has in many previous filings, that he has been framed by the Government and that the Government unlawfully seized his property. In addition, Defendant alleges that the court has acted in collusion with government agents by "aiding and abetting the unlawful conspiracy to deprive defendant of his property and liberty, by agreeing to make particular rulings in league with [the government agents] against defendant due to racial bias / prejudice, and partisan political reasons and personal dislike for defendant, arriving at such rulings for illicit and improper motives." (Def.'s Mot. at 4.)

Title 28 U.S.C. § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "In order to justify recusal under 28 U.S.C. § 455, the judge's prejudice or bias must be personal or extrajudicial." *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005) (citing *United States v. Hartsel,* 199 F.3d 812, 820 (6th Cir. 1999)). "'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Id.* (quoting *Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003)).

A district court judge must recuse himself where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This standard is objective and is not based 'on the subjective view of a party.'" *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990). A motion for recusal should not be granted lightly; a judge is under as much obligation not to recuse himself when facts do not show prejudice as he is to recuse himself if they do. *In re Certain Underwriter,* 294 F.3d 297, 302 (2d Cir. 2002).

The allegations of collusion and prejudice set forth in Defendant's motion are baseless. A "reasonable person with knowledge of all the facts" would not question the court's impartiality. *See Nelson*, 922 F.2d at 319. Because Defendant cannot demonstrate a legitimate basis for recusal under the applicable standards,

IT IS ORDERED that Defendant's "Motion for . . . Investigation of Trial Matter [and] Recusal of Trial Judge . . ." [Dkt. # 101] is DENIED.

s/Robert H. Cleland<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated: February 26, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 26, 2010, by electronic and/or ordinary mail.

s/Deborah J. Goltz<br>
DEBORAH J. GOLTZ<br>
Case Manager