**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          Case No. 04-80391

DEWAYNE BOYD,

    Defendant.
                                            /

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR ORDER FOR IMMEDIATE RELEASE**

On October 15, 2010, Defendant DeWayne Boyd filed a motion for an order for immediate release. The Government has filed a response in opposition to the motion. The court concludes that a hearing on the motion is not necessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny the motion.

On December 15, 2004, a jury found Defendant guilty of multiple offenses. Prior to sentencing, Defendant fled to Ghana. He was subsequently returned and found guilty of failing to appear. On September 26, 2006, Defendant was sentenced to forty-six months imprisonment for the underlying offenses and thirty months for failing to appear, to run consecutively. Defendant's anticipated release date is August 15, 2011. On October 15, 2010, Defendant filed the present motion, seeking immediate release in order to care for his gravely ill mother in Sacramento, California. The Government filed a response, arguing against immediate release.

Reductions and other modifications of sentences of imprisonment are governed by 18 U.S.C. § 3582(c). *Dillon v. United States*, 130 S.Ct. 2683, 2690 (2010); *United States v. Perdue*, 572 F.3d 288, 290-91 (6th Cir. 2009). That section states that a "court may not modify a term of imprisonment once it has been imposed," unless one of three situations exists. 18 U.S.C. § 3582(c). First, a court may modify a sentence if, "upon motion of the Director of the Bureau of Prisons," it finds extraordinary circumstances that compel a reduction. 18 U.S.C. § 3582(c)(1)(A). Defendant has not satisfied the prerequisite of a motion by the Director of the Bureau of Prisons. This court may not, therefore, grant the motion on that ground. Second, a court may modify a sentence if "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). No other statute expressly grants the court power to modify Defendant's sentence, and Rule 35 permits reduction only "[u]pon the government's motion." Fed. R. Crim. P. 35(b)(2). Again, Defendant has failed to satisfy the prerequisite of a motion by the Government. Third, a court may modify a sentence, "on its own motion," where a subsequent change to the sentencing guidelines would have indicated a lower sentencing range for the Defendant. 18 U.S.C. § 3582(c)(2). As no such change in the sentencing guidelines have occurred, the court is not permitted to reduce Defendant's sentence under this subsection. As none of the three exceptions to the general prohibition in § 3852 apply, the court is not permitted to modify Defendant's sentence. Accordingly,

IT IS ORDERED that Defendant's motion for order for immediate release [Dkt. # 114] is DENIED.

          S/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: November 4, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 4, 2010, by electronic and/or ordinary mail.

          S/Lisa Wagner
          Case Manager and Deputy Clerk
          (313) 234-5522