UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 04-80391

DEWAYNE BOYD,

    Defendant.
                                       /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR LEAVE TO AMEND § 2255 MOTION, APPOINT COUNSEL, AND EXTEND TIME FOR REPLY**

On December 30, 2010, Defendant DeWayne Boyd filed a "Request for Leave to Amend Defendant's Title 28 § 2255 Motion . . . ." Defendant moves the court to grant leave to amend his motion, to extend the time for Defendant to reply to the Government's response, and to appoint counsel and an investigator.[1] For the reasons stated below, the court will grant Petitioner's request for leave to amend his complaint, which will render Petitioner's request for an extension of time to file a reply moot. The court will deny Petitioner's request for appointment of counsel.

As a general matter, amendments to motions under 28 U.S.C. § 2255 are governed by Federal Rule of Civil Procedure 15. *Oleson v. United States*, 27 F.App'x 566, 568 (6th Cir. 2001); *see also* 28 U.S.C. § 2242. As amended in 2009, Rule 15 allows a party to amend any pleading "once as a matter of course" within twenty-one

---

[1] Defendant requests the court "provide[] [him] with the status of [his] request for the appointment of counsel and an investigator." As the court has received no request from Defendant, it will instead read this as a request to appoint counsel and an investigator.

days of an answer or motion under Rule 12. Fed. R. Civ. P. 15(a)(1)(B). Defendant, who proceeds *pro se*, will not be penalized for taking the further step of timely moving for leave to amend. Therefore, the court will grant leave to amend and order Defendant to submit an amended § 2255 motion by **March 1, 2011**. The Government will be directed to file a response by **April 1, 2011**. Defendant's motion for an extension of time to file a reply is, therefore, moot.

Defendant has also requested appointment of "counsel and an investigator." There is no constitutional right to counsel in proceedings under § 2255. *See Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for federal habeas motion proceedings is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). "[H]abeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and a defendant's ability, the defendant could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). If appointment of counsel is an extraordinary measure, appointment of an investigator—at public expense, after a fair and full trial—is even more so.

Appointment of counsel in a § 2255 proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona,* 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, the

appointment of counsel remains discretionary. *Id.* Counsel may still be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas proceeding. *Lemeshko*, 325 F. Supp. 2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a defendant has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

Defendant has filed a motion to vacate judgment, in which he raises five claims for relief. These claims encompass allegations of judicial conspiracy, prosecutorial misconduct, illegal search and seizure, and a separate theory of the fruits of the same search and seizure as a violation of the Fifth Amendment privilege against self-incrimination, as well as the obligatory assertions of ineffective assistance of counsel. The alleged grounds for relief are not particularly complex, nor are the relatively few facts presented by Defendant particularly compelling. As the court anticipates no evidentiary hearing in this matter, the interests of justice at this point in time do not militate for appointment of counsel. Accordingly,

IT IS ORDERED that Defendant's motion for leave to amend § 2255 motion, appoint counsel, and extend time for reply, [Dkt. # 120] is GRANTED IN PART in that Defendant may file an amended motion to vacate by **March 1, 2011**. The Government is directed to file a response by **April 1, 2011**. Defendant's motion is DENIED IN PART

in that the court will not appoint counsel or an investigator and in that Defendant's request for an extension of time is denied as moot.

        s/Robert H. Cleland  
        ROBERT H. CLELAND  
        UNITED STATES DISTRICT JUDGE

Dated: January 31, 2011

I hereby certify that a copy of the foregoing document was mailed to petitioner Dewayne Boyd, #32719039, Federal Correctional Institution, FCI Fort Dix, P.O. Box 2000, Fort Dix, NJ 08640, on this date, January 31, 2011 by electronic and/or ordinary mail.

        s/Lisa Wagner  
        Case Manager and Deputy Clerk  
        (313) 234-5522