UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No. 04-80391

DEWAYNE BOYD,

    Defendant.
                                          /

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

Pending before the court is Defendant DeWayne Boyd's motion for reconsideration of the court's opinion and order of January 31, 2011. The previous order, in relevant part, denied Defendant's request for appointment of counsel. On February 15, 2011, Defendant filed the instant motion for reconsideration asserting the court lacks discretion to deny appointment of counsel. This argument is based upon a misreading of 18 U.S.C. § 3006A and Rule 6 of the Rules Governing Section 2255 Proceedings. The former requires the continuation of appointment of counsel only "through appeal." 18 U.S.C. § 3006A(c). Having exhausted his direct appeals, Defendant cannot claim a right under § 3006A to continued appointment of counsel. *Compare* 18 U.S.C. § 300A(a)(2) ("Representation *may* be provided for any financially eligible person . . . seeking relief under section 2241, 2254, or 2255.") (emphasis added) *with* 18 U.S.C. § 3006A(a)(1) ("Representation *shall* be provided for any financially eligible person . . . .") (emphasis added). Nothing in the additional language of the subsection referring to "ancillary matters appropriate to the proceedings" indicates

that motions under § 2255 require appointment of counsel.  *See Werth v. United States*, 100 F.3d 958 (6th Cir. 1996) (table).  The latter requires the appointment of counsel only where discovery has been ordered by the court.  Rule 6(a), 28 U.S.C. foll. § 2255 (discovery may be authorized for good cause, and counsel must be appointed pursuant to 18 U.S.C. § 3006A "[i]f necessary for effective discovery"); see also Rule 8(c), 28 U.S.C. foll. § 2255 (appointment of counsel pursuant to 18 U.S.C. § 3006A required "[i]f an evidentiary hearing is warranted").

Neither of Defendant's arguments "demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled" and that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3).  Therefore, Defendant has failed to present a sufficient showing for the court to grant his motion for reconsideration.  Accordingly,

IT IS ORDERED that the motion for reconsideration [Dkt. # 132] is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  February 24, 2011

I hereby certify that a copy of the foregoing document was mailed to petitioner Dewayne Boyd, #32719039, Federal Correctional Institution, FCI Fort Dix, P.O. Box 2000, Fort Dix, NJ 08640, on this date, February 24, 2011 by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\04-80391.BOYD.Deny.Reconsideration.nkt.wpd